UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YEFERSON JOSE PAREDES COLINA,

Petitioner,

v.

UNKNOWN PARTY,

Respondent.

Case No. 1:26-cv-2826

Honorable Robert J. Jonker

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, Michigan, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner. (Pet., ECF No. 1, PageID.8.) In an order entered on October 14, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondent filed a response on October 19, 2026. (ECF No. 5.).

## II. Relevant Factual Background

On January 13, 2026, Petitioner was taken into immigration custody. (Pet., ECF No. 1, PageID.5.) An immigration judge then ordered Petitioner removed from the United States on June 15, 2026. (*Id.*; Board of Immigration Appeals (BIA) Order, ECF No. 5-1, PageID.19.) Petitioner did not file a timely appeal of his order of removal by the July 15, 2026, deadline. (*Id.*)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Analysis

As noted above, on June 15, 2026, the Immigration Court ordered that Petitioner be removed from the United States. Petitioner had thirty days from the entry of the removal order to appeal to the BIA; however, Petitioner did not file an appeal by July 15, 2026. (BIA Order, ECF No. 5-1, PageID.19.)

Following the expiration of the appeal period, Petitioner's order of removal became administratively final, and at that time, Petitioner's detention became governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

Here, based on the information before the Court, at the time that Petitioner filed his § 2241 petition on October 1, 2026, Petitioner was within the 90-day removal period and, therefore, subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also id.* § 1231(a)(2)(A). Accordingly, the Court will deny Petitioner's § 2241 petition without prejudice.

Moreover, even if the Court were to consider that Petitioner has now been detained beyond the 90-day removal period, Petitioner is not entitled to relief.

In *Zadvydas*, the Supreme Court considered whether 8 U.S.C. § 1231(a)(6)—which states that an alien ordered removed may continue to be held after the removal period under certain circumstances—authorizes indefinite detention when no other country is willing to take the alien. 533 U.S. at 682. In answering that question, the Court noted that the purpose of the statute was to assure the "alien's presence at the moment of removal." *Id.* at 699. Therefore, the Court concluded that for post-removal detention to be authorized by the statute, the removal itself must be reasonably foreseeable. *Id*. The Court indicated that this inquiry would vary from case to case and that there was no specific point in time at which the detention would become constitutionally impermissible. *Id*. Still, to assist the lower courts in making the difficult judgment calls about when the detention was no longer authorized by the statute, the Court designated six months as a "presumptively reasonable period of detention." *Id.* at 701. Even after six months has passed, though, the Court made clear that the alien may continue to be held unless the alien "provides good

reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Petitioner has been detained less than six months after the issuance of a final order of removal. Petitioner has not offered any evidence or argument to prove that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Accordingly, on this basis as well, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 21, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge